IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>POLK COUNTY JAIL,<br><br>    Defendants. | No. 4:23-cv-00446-RGE-SBJ<br><br>ORDER TO AMEND |

    Plaintiff Michael Smith brings this complaint under 42 U.S.C. § 1983, alleging the Polk County Jail and its employees violated his constitutional rights by placing him in a padded cell for three days after he had a seizure. Compl. 1, ECF No. 1. Smith has not paid the filing fee, nor does he move to proceed without prepayment of fees.

    For prisoner plaintiffs seeking in forma pauperis status, the Court is required to assess and collect an initial partial filing fee of 20% of the average monthly deposits to the prisoner account or 20% of the average monthly balance of the prisoner account for the past six months, whichever is greater. 28 U.S.C. § 1915(b)(1). After paying this initial partial fee, the prisoner must pay 20% of each future month's income to the prisoner's account. *Id.* The agency having custody of the prisoner shall send these payments to the Clerk of Court when the prisoner account has more than $10 in it until the full $350 filing fee is paid. *Id.*

    In order to make this assessment, a plaintiff must submit a certified copy of his or her account statement for the past six months, obtained from the appropriate official at the institution. 28 U.S.C. § 1915(a)(2). The Court emphasizes that a prisoner eventually will be required to pay the full $350 filing fee even if the prisoner is granted in forma pauperis status and is permitted to proceed without prepayment of fees. 28 U.S.C. § 1915(b)(1). The prisoner may do so in installments rather than all at

once, but the payment is required regardless. Attached to this order are forms for Smith to use to provide the information described above.

In addition, Smith indicates he would like to file a lawsuit against the Polk County Jail, the correctional officers working on September 9, 2023, to September 11, 2023, and the jail's medical and mental health staff that provided treatment to him. ECF No. 1 at 1. While Smith has named the Polk County Jail as a possible defendant, he does not name the jail's employees or describe how these employees violated his constitutional rights. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Smith must amend his complaint to identify what each defendant did or failed to do to violate his constitutional rights and whether those violations occurred within the appropriate statute of limitations for lawsuits brought under 42 U.S.C. § 1983. *See Martin v. Julian*, 18 F.4th 580, 583 (8th Cir. 2021) ("The governing statute of limitations for § 1983 claims is the personal-injury tort statute of the State in which a cause of action arose." (citing *Wilson v. Garcia*, 471 U.S. 261, 276–80 (1985))).

**IT IS ORDERED** that by no later than **December 14, 2023**, Plaintiff Michael Smith shall amend his complaint as described above.

**IT IS FURTHER ORDERED** that by no later than **December 14, 2023**, Plaintiff Michael Smith must either pay the $350 filing fee, plus a $52 administrative fee, or must complete and submit the appropriate application to pay the $350 filing fee in installments. Failure to submit this information will result in the dismissal of the case for failure to prosecute and comply with a court order. *See* Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).

**IT IS SO ORDERED**.

Dated this 16th day of November, 2023.

Rebecca Goodgame Ebinger
United States District Judge